Juan **KELSEY**, Appellant,

v.

**UNITED STATES of America.**

**No. 72-2009.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
July 25, 1973.

Resubmitted Under Third Circuit
Rule 12(6) Sept. 4, 1973.

Decided Sept. 13, 1973.

Harry S. Tischler, Asst. Defender, Defender Ass'n of Philadelphia, Philadelphia, Pa., for appellant.

Robert E. J. Curran, U. S. Atty., Carmen C. Nasuti, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Submitted Under Third Circuit Rule 12(6) July 25, 1973

Before SEITZ, Chief Judge, and ALDISERT, Circuit Judge.

Resubmitted Under Third Circuit Rule 12(6) Sept. 4, 1973

Before SEITZ, Chief Judge, and ALDISERT and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Where defense counsel erroneously informs a defendant entering a plea of

guilty that sentences in a bank robbery charge could be pyramided into a 75-year maximum, can it be said that the guilty plea was entered "voluntarily after proper advice and with full understanding of the circumstances"?[1] Following an evidentiary hearing in a § 2255 proceeding, the district court found that "any error was harmless beyond a reasonable doubt."[2] We reverse.

Critical to the pronouncement of any sentence on multicount indictments under the federal bank robbery statute, 18 U.S.C. § 2113, is the avoidance of improper pyramiding punishment authorized for the violation of various sections of the statute. The district court appears to have acknowledged that the information furnished appellant was erroneous, but reasoned that at the time of the reception of the plea the clear guidelines of United States v. Conway, 415 F.2d 158 (3d Cir. 1969), had not yet been announced. Such an approach does not appear to recognize that *Conway* simply applied the teachings of Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), a decision handed down twelve (12) years prior to the plea in this case.[3] We deem as inapplicable to these proceedings the doctrine of Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), that a subsequent change in the

---

1. Berry v. United States, 412 F.2d 189, 192 (3d Cir. 1969), citing United States ex rel. Crosby v. Brierley, 404 F.2d 790 (3d Cir. 1968)..

2. Appellant entered his plea October 23, 1969, subsequent to McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and was sentenced to 25 years imprisonment pursuant to 18 U.S.C. § 4208(b). The sentence was modified on January 15, 1970, to imprisonment for a period of 7 years under the provision of 18 U.S.C. § 5010(c) of the Youth Corrections Act.

3. In *Prince* the defendant had been sentenced to 20 years for robbery of a federally insured bank and 15 years for entering the bank with the intention to commit a felony. The Court held that "when Congress made either robbery or an entry for that purpose a crime it intended that the maximum punishment for robbery should remain at 20 years, but that, even if the culprit should fall short of accomplishing his purpose, he could be imprisoned for 20 years for entering with the felonious intent." 352 U.S. at 329, 77 S.Ct. at 407.

In this case, appellant was indicted in four multiple counts charging a violation of 18 U.S.C. § 2113(a), (b) and (d). Count one charged a taking by force and violence the sum of $474.00 belonging to the bank, a violation of (a). Count two also referred to (a), charging an entering of the bank to commit a felony. Count three charged a violation of (b), the actual taking. Count four charged a violation of (d), "putting in jeopardy" the lives of others while committing (a) and (b). In the statutory text, a violation of (a) calls for a penalty of 20 years for the robbery clause, or the entering clause. Section (b), the larceny clause, calls for a 10-year penalty. Section (d) is the use-of-firearm clause with its 25-year penalty.

The following colloquy took place at the plea:

THE COURT: Do you know on each of those counts if you enter a plea of guilty you could be sentenced to a term of imprisonment of 20 years and/or a fine of $5,000.00; do you understand that?

APPELLANT: Yes, Sir.

DEFENSE COUNSEL: Your honor, I believe it is 20 years on the first two counts, and 25 years on the fourth count, a total of 75 years.

THE COURT: All right, I stand corrected.

Do you understand that, Mr. Kelsey, 20 years on the first two counts, 10 years on the third count and 25 years on the fourth count?

APPELLANT: Yes, sir.

Without dissecting the entire colloquy, we note that the use of the 75 years by defense counsel had the capability of being interpreted as follows: count one, 20 years; count two, 20 years; count three, 10 years; count four, 25 years, or a total of 75 years. By the court's statement: "All right, I stand corrected," the court unwittingly endorsed the erroneous computation of appellant's counsel. *Prince* flatly held that there could not be an accumulation of sentences on counts one and two.

In any event, the government does not in its brief suggest that appellant was not misinformed, but contends that this was harmless error.

law which greatly reduces the possible sentences which might have been imposed does not vitiate a previously entered guilty plea. The clarification of the law did not originate in *Conway*; it stemmed from *Prince*.

In United States v. Jasper, 481 F.2d 976 (3d Cir., 1973), we reported that "the court's first advice gave too low a maximum, the statement by the Assistant United States Attorney assumed, contrary to *Prince* that the sentence could be pyramided, and the court, while finally stating the correct maximum on each count, did not correct the pyramiding misstatement." We held that defendant's acknowledgment that he understood this colloquy "is hardly sufficient to indicate that he knew the real potential consequences of his plea." (481 F.2d 981.) [4] Moreover, we are convinced that the controlling principle is that stated in Berry v. United States, *supra*, 412 F.2d at 191: "Whether prejudice resulted from the entry of the guilty plea is not measured by the severity or leniency of the sentence imposed; prejudice inheres when an accused pleads guilty, thus convicting himself of a criminal offense, without understanding the significance or consequences of his action." The appellant having been told that the maximum sentence was 75 years, when in fact the maximum was considerably less than that, we are persuaded that there was not total compliance with F.R.Cr.P. 11, McCarthy v. United States, *supra*, and that he did not enter his plea with "understanding of the . . . consequences of the plea."

The plea of guilty will be vacated, the sentence imposed thereon will be vacated, and the proceedings remanded with a direction to permit appellant to plead anew.

---

4. In dissent, Judge Van Dusen stated: "On the facts presented by this record, I would apply the holdings in the Fifth and Tenth Circuits that misinformation, given to a defendant at arraignment by a district judge, which indicates a possible longer sentence than the law permits does not invalidate a

plea of guilty entered after receipt of such misinformation. United States v. Woodall, 438 F.2d 1317, 1329 (5th Cir. 1971); Murray v. United States, 419 F.2d 1076, 1079 (10th Cir. 1969)." 481 F.2d at 984. The majority rejected his view.