Gregory MICKLUS, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 75–3481.

United States Court of Appeals,
Ninth Circuit.

June 10, 1976.

Gregory Micklus, in pro per.

W. Ronald Jennings, Asst. U. S. Atty.,
Phoenix, Ariz., for respondent-appellee.

OPINION

Before DUNIWAY and GOODWIN, Circuit Judges, and CURTIS,* District Judge.

DUNIWAY, Circuit Judge:

Micklus, a prisoner in federal custody, appeals from a denial, without a hearing, of his motion to vacate his sentence under 28 U.S.C. § 2255. Micklus makes two claims, which we consider separately.

I. *Misinformation as to possible maximum penalty.*

Micklus was charged in one count with bank robbery under 18 U.S.C. § 2113(a), and in a second count with bank robbery including assault with a dangerous weapon under 18 U.S.C. § 2113(d). In a separate case, he was charged with escape, presumably under 18 U.S.C. § 751(a). He bargained for a plea, and part of the bargain was that if he pled guilty to the second count, under § 2113(d), the first count under § 2113(a) and the escape charge would be dismissed. He was told by the judge that if he pled guilty to the second count, he could get up to 25 years in prison plus $10,000 and that the court could sentence him under the Youth Corrections Act up to four years plus a conditional release for two years. The court also stated, in his presence, that the maximum sentence on the escape charge was five years and $5,000. Micklus entered a guilty plea, and told the court, briefly, what he had done: robbed the bank and in doing so held a pistol "on a girl and a fellow in the bank." The court sentenced him to 20 years under the Youth Corrections Act, 18 U.S.C. § 5010(c). The plea bargain was kept; Count I and the escape charge were dismissed. Since then, the sentence has been reduced to 15 years.

* The Honorable Jesse W. Curtis, United States District Judge for the Central District of California, sitting by designation.

Micklus does not claim that he was given misinformation during the Rule 11 F.R. Crim.P. proceeding. What he does claim is that his attorney told him he could get 45 years on Counts I and II in the bank robbery case, while in fact if he were convicted under Counts I and II, the maximum penalty would be that under Count II—25 years, the charge under Count I not being a separate offense. *See United States v. Faleafine*, 9 Cir., 1974, in banc, 492 F.2d 18, 23–24. He says that the threat of 45 years coerced his plea, and his plea was entered without full knowledge of its consequences. Because there was no hearing, we must assume that Micklus was in fact told by his counsel that he could get 45 years in the bank robbery case.

■ The question presented has not been decided by this court. We hold that Micklus' argument is without merit. Rule 11, as it read when Micklus pled guilty on September 3, 1974, required the court to determine "that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." It did not expressly require an understanding of the consequences of conviction following a not guilty plea. But, as to Count II, the only count to which the plea of guilty was offered, Micklus did know both the nature of the charge and the maximum penalty—that is, the possible consequence of conviction, either after a trial or after a guilty plea. Moreover, the rule certainly did not require a knowledge of the consequences of conviction on counts to which no guilty plea was offered, counts which, under the bargain, were to be and actually were dismissed. Today, the rule is even more explicit. Subparagraph (c)(1) requires that the court inform the defendant of, and determine that he understands, "the nature of the charge to which the plea is offered," and the minimum (if any) and maximum possible penalty provided by law. Rule II was complied with in Micklus' case.

The claim that the plea was coerced by Micklus' belief that he could be sentenced to 45 years on Counts I and II is answered in *Brady v. United States*, 1969, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747. There Brady was charged with kidnapping in violation of 18 U.S.C. § 1201(a) as it then read. He pled guilty because, as he claimed, he feared that if he went to trial he might be subjected to the death penalty. Later, in *United States v. Jackson*, 1968, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138, the Court held that the provision for the death penalty under § 1201(a) was invalid. Brady then sought relief under § 2255, which was denied. The Court affirmed, and much of its reasoning is applicable here. See particularly Part II, pp. 749–52, Part III, pp. 756–58. In *Brady*, the plea was motivated by fear of the death penalty. If fear of that penalty is not sufficient to render a plea either involuntary or unintelligent, then *a fortiori* fear of a 45-year, as distinguished from a 25-year sentence is not. Nor can *Brady* be distinguished on the ground that there the advice, when given, was correct. While that fact was mentioned in the Court's opinion, its rationale is broader, and in our view, encompasses this case. The following cases support our decision: *Schofield v. United States*, 7 Cir., 1971, 441 F.2d 1219; *United States v. Woodall*, 5 Cir., 1971, in banc, 438 F.2d 1317, 1328–29; *Murray v. United States*, 10 Cir., 1969, 419 F.2d 1076, 1079; *Eakes v. United States*, 5 Cir., 1968, 391 F.2d 287. We are not persuaded by the contrary holding in *Kelsey v. United States*, 3 Cir., 1973, 484 F.2d 1198. In *United States v. Jasper*, 3 Cir., 1973, 481 F.2d 976, the court gave misleading information as to the possible maximum penalties under the very counts to which Jasper pled guilty. That did not happen in Micklus' case.

## II. *Assurance of Counsel as to the Sentence.*

In his petition, Micklus asserts:

Petitioner was led to believe he would be given a sentence of six (6) years under the Youth Corrections Act.

.        .        .        .        .

■ In the instant case, Petitioner has alleged that the Assistant United States Attorney and Petitioner's defense counsel made certain promises and representa-

tions and was thereby induced to plead guilty, and that these promises have not been fulfilled.

These are the only allegations on the subject, and they are unsworn. They are also, to say the least, vague and conclusory, and we might uphold the trial court's ruling on that ground. For all that appears, it may be that all that Micklus was told was counsel's opinion as to what the judge might do. *See United States v. Edmo*, 9 Cir., 1972, 456 F.2d 240; *United States v. Crank*, 9 Cir., 1971, 438 F.2d 635. On the other hand, Micklus does say that the Assistant United States Attorney and his own counsel "made certain promises . . . and that these promises have not been fulfilled." The argument in his written motion makes it fairly clear that the promise was that "he would be given a sentence of six (6) years under the Youth Corrections Act." Micklus has never had a hearing on this claim. Until he gets one, he can go on filing § 2255 motions one after another. We think it better to remand the case to the trial court, so that Micklus can be permitted to amend his allegations about the "unkept plea bargain," under oath, so as to make them specific and, if he does so, to hold an evidentiary hearing on the question. *Reed v. United States*, 9 Cir., 1971, 441 F.2d 569. The allegations here are in one respect stronger than those in *Reed.* Here, Micklus says that the Assistant United States Attorney, as well as his own counsel, made the promise. We suggest that any amendment be under oath so that Micklus can be held responsible if he perjures himself.

We find no merit in the claim that Micklus received ineffective representation by his counsel.

Affirmed in part and reversed and remanded in part for further proceedings.