Howard Langston **MANLEY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 77–2046.

United States Court of Appeals,
Fourth Circuit.

Argued March 10, 1978.
Decided Nov. 30, 1978.

---

James R. Acker and Thomas F. Loflin, III, Durham, N. C. (Loflin & Loflin, Durham, N. C., on brief), for appellant.

Herman E. Gaskins, Jr., Asst. U. S. Atty., Raleigh, N. C. (George M. Anderson, U. S. Atty., Raleigh, N. C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and RUSSELL and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

In *United States v. Curry and Manley* (consolidated appeals), 512 F.2d 1299 (4th Cir. 1975), cert. den., 423 U.S. 832 (1975), this court reversed the conviction of Howard Langston Manley and remanded for a new trial on six counts of drug law violations[1] because of improper proof of character evidence. The conviction of Manley's co-defendant, Drayton Curry, was affirmed but remanded for resentencing under our decision in *United States v. Atkinson*, 512 F.2d 1235, 1240 (4th Cir. 1975). Under *Atkinson*, when the only evidence of possession of a controlled substance with intent to distribute is the actual transfer of the substance, the offense of possession with intent to distribute (violation of 21 U.S.C. § 841(a)(1)) merges for sentencing purposes with the distribution offense (also 21 U.S.C. § 841(a)(1)). Accordingly, in *Curry*, 512 F.2d at 1305–06, we remanded for resentencing because consecutive sentences had been imposed for possession of heroin with intent to distribute and distribution when, as in *Atkinson*, evidence of the sale was relied upon to prove the intent to distribute.

Upon remand of Manley's case, he elected to enter a plea of *nolo contendere* to all counts rather than face retrial. No plea bargain was contemplated. During the Rule 11 FRCrP inquiry, the trial court stated to Manley that upon conviction "[t]he maximum penalties which the court may impose for each offense is imprisonment not to exceed fifteen years, a fine not to exceed

---

1. Manley was indicted and convicted for one count of conspiracy to distribute heroin, two counts of possession of heroin with intent to distribute, and three counts of distribution of heroin, all in violation of 21 U.S.C. § 841(a)(1).

$25,000, or both, with a special parole term of at least 3 years on each count," which accurately reflects the punishment provided for in 21 U.S.C. § 841(b)(1)(A). The court then further explained that the maximum to which Manley might be sentenced "with 15 years and $25,000 in fines, with a special parole term of at least 3 years, according to my calculations would be 90 years. . . ." The court further stated that a maximum of $150,000 in fines might be assessed. During the proceedings, the prosecutor announced his agreement with the sentence evaluations of the district court, and Manley's counsel stated satisfaction that his client understood that nature of the charges and the consequences of the pleas. Consolidating all six counts for sentencing, the court accepted the pleas of *nolo contendere* and imposed a sentence of twelve years' imprisonment with a three year special parole term.

Months later, Manley moved under 28 U.S.C. § 2255 for the vacation of his sentence on the ground that his pleas of *nolo contendere* were invalid because the trial court had "misinformed Movant as to the range of allowable penalties. . . ." The district court denied Manley's motion, and this appeal followed. Both in the lower court and here the government conceded that under *Atkinson* and *Curry* the two counts of possession of heroin with which Manley was charged merged for sentencing with two of the three distribution counts,[2] with the result that, under those cases, no more than sixty years, not ninety as the court and prosecuting attorney stated of record, could have been imposed on Manley's conviction of all six counts. Based on this admitted error, Manley argues that his *nolo* plea was entered involuntarily. The authorities in this circuit upon which he relies are *Hammond v. United States*, 528 F.2d 15 (4th Cir. 1975), and *Pilkington v. United States*, 315 F.2d 204 (4th Cir. 1963).

■■ In *Hammond*, we directed a hearing on the claim of the accused that prior to the entry of his plea he had been advised by his attorney that the maximum possible sentence was ninety years when in fact the maximum was fifty-five years. Because of a plea bargain, the defendant there knew the maximum sentence were he to plead guilty, but, assuming the truth of his allegations, he did not know the possible sentence if he exercised his right to plead not guilty. The government would distinguish *Hammond* on the ground that the defendant and the government there had agreed to a plea bargain, while in Manley's case there was no bargain. The distinction, however, should not affect this case because the requirement that a guilty plea be voluntary and intelligent applies to all guilty pleas, not merely those in which a plea bargain has been struck.[3]

■■ Both *Pilkington* (where the maximum sentence was understated) and *Hammond* (where the maximum sentence was overstated) were specific applications of the general rule that the defendant contemplating a plea of guilty must have "a complete understanding of the possible sentence," *Pilkington*, 315 F.2d at 210 (applying former Rule 11); or, as stated in *Hammond*, 528 F.2d at 18, "in order to plead voluntarily, a defendant must know the direct consequences of his plea . . . ." This does not establish a per se rule that every error in sentence advice will permit the accused later to upset his guilty plea. For example, a plea of guilty "is not subject to later attack because the defendant's lawyer correctly advised him with respect to the then existing law as to possible penalties but later pronouncements of the courts . . . " indicate that the attorney's advice was in-

---

2. Manley was also convicted on a conspiracy charge. See note 1, supra.

3. For the purposes of ascertaining whether a plea is voluntary and intelligent in the setting here, we think there is no constitutional distinction between a guilty plea and a plea of *nolo contendere*. See *North Carolina v. Alford*,

400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

*Pilkington* was a case in which a prisoner subject to a Youth Corrections Act sentence was advised the maximum punishment was five years while, in fact, it was six years under the YCA.

correct. *Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970). An additional example is that "[a] mistake of a few years in advice about the length of what would otherwise be a long term would not constitute ineffectiveness of counsel." *Hammond v. United States*, 528 F.2d 16, 18 (4th Cir. 1975). And we would note that, at least under former Rule 11 as it applied on the date of Manley's plea, the trial court's misstatement of the possible sentence is not irremediable error if the defendant has been correctly advised by his counsel. See *Hammond*, 528 F.2d at 17, 18; *Pilkington*, 315 F.2d at 209. To hold otherwise would be to reward " 'sandbagging' on the part of defense lawyers" who, while correctly advising their clients, might fail to advise the court of an easily redeemed error. See *Wainwright v. Sykes*, 433 U.S. 72, 89, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

The central question thus is whether Manley "actually knew," *Pilkington*, p. 209, what sentence might be imposed, and because that is a matter of fact, it must be determined by the district court on remand. While the court's and prosecuting attorney's misunderstanding of the possible maximum sentence is affirmatively established on the record, because Manley's counsel stated only that he was satisfied his client understood the nature of the charges and the consequences of the pleas, it is possible that Manley's counsel had correctly advised his client of the sentencing possibilities, and by that provided the requisite understanding, or Manley may have been otherwise so advised. Accordingly, we vacate the judgment of the district court and remand for further proceedings to determine whether Manley was informed of the maximum sentence that might have been imposed. If Manley were so informed, it follows that, despite the misapprehensions of court and prosecutor, his plea as to this point was in fact voluntary and intelligent. If the court below should find that he was not so informed, Manley's conviction must be vacated and he should be allowed to plead anew. A thirty-year error in sentence advice cannot, we think, satisfy the requirement under *Hammond* and *Pilkington* that the defendant have "a complete understanding of the possible sentence." 315 F.2d at 210.

A further consideration on remand, as to the length of sentence which might have been imposed, is the effect of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). While the subject came up on oral argument, the applicability of *Pearce* was not raised either in the district court or in the briefs before this court. "Ordinarily appellate courts do not consider issues that were not timely presented to the trial court unless the error is plain or so fundamental that an injustice will result." *United States v. Dorman*, 496 F.2d 438, 441 (4th Cir. 1974). Unlike in *Dorman*, however, the possible applicability of *Pearce* is apparent from the record. Requiring consideration of that point on remand may forestall another case. *Pearce* requires, 395 U.S. at 726, 89 S.Ct. 2072, that a defendant may not be sentenced to a more severe punishment after an appeal without justification for the increased sentence. While no such justification is called to our attention, we have no reason to believe it may not have existed. On remand the district court should inquire not only into whether the advice to Manley concerning his sentence reflected our decisions in *Curry* and *Atkinson*, but also whether it took into account the effect of *Pearce*.

*VACATED AND REMANDED.*[4]

DONALD RUSSELL, Circuit Judge, dissents.

---

4. The circuits are apparently in disarray on the Rule 11 problem presented here and related questions. See, e. g., *Micklus v. United States*, 537 F.2d 381 (9th Cir. 1976); *Kelsey v. United States*, 484 F.2d 1198 (3d Cir. 1973); *United States v. Woodall*, 438 F.2d 1317 (en banc) (5th Cir. 1971).