865 F.2d 1257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herman FULTON, Petitioner-Appellant,
v.
James BROWN, Captain; Lacy Thornburg, Respondents-Appellees.
 No. 88-6749.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 29, 1988.
Decided: Jan. 6, 1989.
 
 Herman Fulton, appellant pro se.
 Barry Steven McNeill, (Office of the Attorney General of North Carolina), for appellees.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Herman Fulton, a North Carolina prisoner, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 attacking the validity of his 1981 guilty plea to second degree murder. Fulton bases his petition, which was dismissed by the district court, on a claim of ineffective assistance of counsel. To prevail on a claim of ineffective assistance, Fulton must show that his counsel's performance was objectively unreasonable and that there is a reasonable probability that but for counsel's actions he would have elected to stand trial rather than plead guilty. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 689 (1984).
 
 
 2
 Fulton alleges that on the day before he entered his guilty plea, his attorney told him he would be tried for first degree murder and could possibly receive the death penalty, unless he agreed to plead guilty to second degree murder. If he would agree to this plea, his attorney was to go to the prosecuting attorney to see if he would accept the plea. Fulton was actually arrested for first degree murder and made at least two court appearances where he was told that he was charged with first degree murder. He claims however that his attorney never informed him that the grand jury had, in fact, only indicted him for second degree murder. Fulton contends that he agreed to the plea proposal because of his belief that he faced a possible death sentence. Certainly, this substantial misinformation as to the charge and its related possible penalties provided by Fulton's attorney, if proven to be true, was unreasonable and would satisfy the first prong of the Strickland test. See Manley v. United States, 588 F.2d 79 (4th Cir.1975); Hammond v. United States, 528 F.2d 15 (4th Cir.1975).
 
 
 3
 Respondents contend that Fulton's allegations do not overcome the presumptive validity of Fulton's statement at his plea hearing that he understood he was being charged with second degree murder. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Via v. Sup't, Powhatan Correctional Center, 643 F.2d 167, 171 (4th Cir.1981). Fulton counters that he assumed the charge was changed by the time of his plea hearing from first to second degree as a result of his prior agreement to plead guilty on the lesser charge of second degree murder. Given Fulton's history of being told, upon his arrest and in several court appearances, that he was charged with first degree murder, his arguments here are not so "palpably incredible" or "patently frivolous or false" as to warrant summary dismissal. Blackledge, 431 U.S. at 76. Additionally, Fulton's allegations relate to purported occurrences outside the courtroom. The record of the plea hearing therefore does not shed full light on the matter or conclusively contradict the allegations. Machibroda v. United States, 368 U.S. 487, 494-95 (1962); United States v. Giandino, 797 F.2d 30, 32 (1st Cir.1986).*
 
 
 4
 Fulton's allegations meet the second prong of the Strickland/Hill test with his insistence that he would not have plead guilty to second degree murder if he had known the actual charge was second degree murder and that he did not face a possible death sentence. This assertion might be expected, and seem less than sincere, in light of the life sentence Fulton received. However, it is made more likely by the evidence Fulton presented at his plea hearing concerning his good character and a possible claim of self-defense.
 
 
 5
 For the foregoing reasons, we cannot agree that dismissal of Fulton's petition was proper. Accordingly, we grant a certificate of probable cause to appeal, grant Fulton's motion to proceed in forma pauperis, deny Fulton's motion for appointment of counsel, vacate the judgment of the district court, and remand the case for further proceedings. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 We also note Fulton's claim is not contradicted by the plea form Fulton signed the day before his plea. The plea form acknowledges only that Fulton understands he is "pleading guilty to the felony of second degree murder," not that he was charged with this offense