35 F.3d 557
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clifton ALSTON, a/k/a Shaky, Defendant-Appellant.
 No. 92-5747.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 26, 1994.
Decided Sept. 6, 1994.
 
 William L. Osteen, Jr., Adams & Osteen, Greensboro, N.C., for appellant.
 Benjamin H. White, Jr., U.S. Atty., David B. Smith, Asst. U.S. Atty., Greensboro, N.C., for appellee.
 Before WILKINSON and WILLIAMS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Following his guilty plea to drug trafficking (Count One), money laundering (Count Two), and using or possessing a gun during and in relation to a drug trafficking offense (Count Six), Clifton Alston was sentenced to concurrent ninety-six-month prison sentences on Counts One and Two, and a consecutive sixty-month prison term on Count Six. He appeals his convictions and sentences. Alston's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), analyzing key stages of the criminal proceedings but indicating that, in his view, there are no meritorious issues for appeal. Alston has been notified of his right to file a supplementary pro se brief, but has not done so.
 
 
 2
 In 1991, law enforcement officials began investigating Clifton Alston and Beulah Headen for drug trafficking and money laundering. On March 31, 1992, a grand jury indicted Alston on drug-related charges. On April 2, 1992, federal agents arrested Alston. That same day, pursuant to two search warrants, federal agents searched Alston's home and a safe deposit box leased to Alston and Headen. They seized $14,195 in cash, numerous guns, and various quantities of crack from Alston's home, and $17,100 in cash from the safe deposit box. In a superseding indictment, the grand jury charged Alston with seven counts: possession with intent to distribute and distribution of more than fifty grams of cocaine base ("crack"), in violation of 21 U.S.C.A. Secs. 841(a)(1), 841(b)(1)(A), 846 (West 1981 & Supp.1994) (Count One); money laundering, in violation of 18 U.S.C.A. Sec. 1956(a)(1)(A)(i) (West Supp.1994), 18 U.S.C. Sec. 2 (1988) (Count Two); money laundering, in violation of 18 U.S.C.A. Sec. 1956(a)(1)(A)(i), 18 U.S.C. Sec. 2 (Count Three); distribution of crack, in violation of 21 U.S.C.A. Secs. 841(a)(1), 841(b)(1)(C) (Count Four); distribution of crack, in violation of 21 U.S.C.A.Secs. 841(a)(1), 841(b)(1)(C) (Count Five); using or carrying firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1994) (Count Six); and possession with intent to distribute crack, in violation of 21 U.S.C.A. Secs. 841(a)(1), 841(b)(1)(A) (Count Seven).
 
 
 3
 Pursuant to a plea agreement, Alston pled guilty to Counts One, Two, and Six of the superseding indictment. The district court held a hearing pursuant to Fed.R.Crim.P. 11 and accepted Alston's guilty plea after determining that Alston made a knowing and voluntary plea, that there was a factual basis for the plea, and that Alston acknowledged his guilt. Classifying Alston as a career offender based on two prior state convictions,[1] the probation officer calculated Alston's guideline range at 292 to 365 months in prison on Counts One and Two, reflecting Criminal History Category VI and an offense level of 35, and a consecutive sixty-month sentence on Count Six. Pursuant to 18 U.S.C.A. Sec. 3553(e) (West Supp.1994), and United States Sentencing Commission, Guidelines Manual, Sec. 5K1.1 (Nov.1991),[2] the government made a motion for a reduction of Alston's sentence to below the statutory minimum and below the guideline range based on his substantial assistance to the government concerning drug trafficking investigations in the Middle District of North Carolina. The district court granted the government's motion for downward departure and sentenced Alston to concurrent ninety-six-month prison terms on Counts One and Two, and a consecutive sixty-month prison term on Count Six.
 
 
 4
 Alston's attorney notes that there are no meritorious grounds for appeal, but nevertheless addresses the following issues: denial of Alston's motion to suppress; the knowing and voluntary nature of Alston's guilty plea; the calculation of Alston's guideline range; and the trial court's downward departure from the guideline range.
 
 Motion to Suppress
 
 5
 The district court denied Alston's motion to suppress evidence seized pursuant to the April 2, 1992, search of his home and safe deposit box. Alston argued at the hearing that the search warrants authorizing these searches were supported by stale probable cause. "[T]ime is a crucial element of probable cause" for issuance of a search warrant. United States v. McCall, 740 F.2d 1331, 1335 (4th Cir.1984). In the case of "stale" probable cause, a court must decide whether the facts in the search warrant furnish probable cause to believe that criminal activity will be found at the time of the search. This Court applies a totality of the circumstances test to decide this issue. Id. at 1336.
 
 
 6
 In this case, the warrants were issued on March 31, 1992, but the affidavits supporting the warrants provided no information about Alston's activities after February 12, 1992. Nevertheless, the facts recited in the warrants reflect Alston's ongoing drug trafficking activities from October 1990 to February 1992. The district court properly denied the motion to suppress because, as the district court found, it was reasonable to assume that when drug trafficking had been ongoing from October 1990 to February 1992, it would still be occurring six or seven weeks later when the search warrants were issued.
 
 Knowing and Voluntary Guilty Plea
 
 7
 Counsel states in his Anders brief that Alston's guilty plea was knowing and voluntary. A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). To meet the "intelligent choice" requirement, a defendant must be advised of "all the direct consequences of his plea," Cuthrell v. Director, Patuxent Inst., 475 F.2d 1364, 1365 (4th Cir.), cert. denied, 414 U.S. 1005 (1973) (quoting Wade v. Coiner, 468 F.2d 1059, 1060 (4th Cir.1972)), including the length of the maximum sentence or any mandatory minimum sentence which may be imposed. Manley v. United States, 588 F.2d 79, 81 (4th Cir.1978). Statements made at a plea hearing that facially demonstrate a plea's validity are conclusive absent a compelling reason why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Ctr., 643 F.2d 167, 171 (4th Cir.1981).
 
 
 8
 In response to the judge's questions during the Rule 11 hearing, Alston stated that he authorized counsel to enter a guilty plea for him, that he knew he could plead not guilty, that his guilty plea was not induced by threats or promises, that he was in fact guilty of the crimes charged, and that he voluntarily and freely entered his guilty plea. The court advised him about the penalties for each count to which he was pleading guilty, and that it was not bound by his plea agreement. The Rule 11 colloquy demonstrates that Alston's guilty plea was knowingly and voluntarily made.
 
 Calculation of Guideline Range
 
 9
 The district court properly characterized Alston as a career offender and placed him in Criminal History Category VI. Career offenders automatically are placed in Criminal History Category VI. U.S.S.G. Sec. 4B1.1. Under section 4B1.1, a defendant is a career offender if he was eighteen or older when he committed the instant crime, the instant crime is a felony of violence or controlled substance felony, and the defendant has two prior felony convictions for crimes of violence or drug convictions. Alston met these criteria.
 
 
 10
 We also reviewed the calculations for Alston's offense level and find that the probation officer properly calculated Alston's total offense level as 35. Thus, Alston's guideline range for Counts One and Two was 292 to 365 months in prison. See U.S.S.G. Sec. 5A (Sentencing Table). The district court granted the government's motion for downward departure for substantial assistance under U.S.S.G. Sec. 5K1.1, and sentenced Alston to concurrent ninety-six-month prison terms on Counts One and Two, and to a consecutive sixty-month sentence on Count Six, pursuant to 18 U.S.C. Sec. 924(c)(1).
 
 
 11
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1994)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 12
 We affirm Alston's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 These convictions were a 1982 conviction for misdemeanor assault with a deadly weapon, punishable by two years in prison (N.C. Gen.Stat. Sec. 14-33(b) (1993)), and a 1988 conviction for felonious possession with intent to sell cocaine (N.C. Gen.Stat. Sec. 90-95(a)(1) (1993))
 
 
 [2]
 Alston was sentenced in October 1992