**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 95-5525

HOWARD DAVIS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-92-524)

Submitted: October 8, 1996

Decided: October 25, 1996

Before WILKINS and HAMILTON, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed in part and remanded in part by unpublished per curiam
opinion.

_____

**COUNSEL**

William H. Ehlies II, Greenville, South Carolina, for Appellant. J.
Preston Strom, Jr., United States Attorney, David C. Stephens, Assis-
tant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Howard Davis pled guilty to conspiring to distribute and to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 (1994), and to using and carrying a firearm during a drug trafficking offense in violation of 18 U.S.C.A. § 924(c) (West Supp. 1996). Davis contends on appeal that (i) the district court made numerous errors in the Rule 11 colloquy, that these errors require per se reversal of his convictions, and that the errors affected his substantial rights and the voluntariness of his plea; (ii) in light of Bailey v. United States, ___ U.S. ___, 116 S. Ct. 501 (1995), there was not a sufficient factual basis to support his guilty plea for using and carrying a firearm during the commission of a drug trafficking crime; and (iii) the district court erred in adopting the findings in the presentence report. We affirm in part and remand in part.

I.

Davis first asserts that the district court made numerous omissions during his FED. R. CRIM. P. 11 colloquy that affected his substantial rights and rendered his guilty plea involuntary. The adequacy of a guilty plea generally is reviewed de novo. United States v. Good, 25 F.3d 218, 219 (4th Cir. 1994). Rule 11 violations, however, are reviewed under a harmless error standard.[1]  United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995). Any variance from the Rule 11 require-

_____

[1] We have considered the supplemental authorities submitted by Davis and reject his contention that the district court's omissions in the Rule 11 colloquy require a per se reversal rule in accordance with McCarthy v. United States, 394 U.S. 459 (1969). Congress amended Rule 11 in 1983 and replaced McCarthy's "extreme sanction of automatic reversal" with the harmless error standard in Rule 11(h). FED . R. CRIM. P. 11 advisory committee's note (1983 amendment).

2

ments which does not affect the substantial rights of the defendant is disregarded. FED. R. CRIM. P. 11(h); United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992).

Davis' claim that the district court made an erroneous statement regarding the mandatory minimum sentence required by§ 924(c) is belied by the record. The court set forth the mandatory sentence of five years on two occasions during the plea colloquy, and Davis stated that he understood the district court's explanation.

Next, although the district court failed to inform Davis of the effects of supervised release, Davis was sentenced to a total of 248 months incarceration to be followed by five years of supervised release--far less than the maximum sentence of life imprisonment that the court could have imposed. See Good, 25 F.3d at 220. And the effects of supervised release on Davis' ability to travel outside of the United States is, at most, a collateral consequence of a guilty plea. Cf. Cuthrell v. Director, Patuxent Inst., 475 F.2d 1364, 1366 (4th Cir.) (noting that court's failure to advise defendant that plea might subject him to deportation is collateral consequence and will not render plea involuntary), cert. denied, 414 U.S. 1005 (1973).

Davis also contends that the district court failed to inform him that he could continue in his plea of not guilty, that if he pled guilty he had no right to trial of any kind, and that a guilty plea waived his right to a jury trial. At the Rule 11 colloquy, the court made it clear that Davis had certain rights in connection with a jury trial, such as the right to a jury trial and the associated rights to counsel, to subpoena witnesses, to cross-examine witnesses, and to testify or not in his own defense. The transcript of the Rule 11 plea colloquy discloses that Davis was thoroughly informed of all of his options (including the right to proceed with a trial by jury) and that he was capable of understanding what the court stated. Further, because Davis pled guilty after the jury had been selected to hear his case, he should have known that he had a right to a jury trial.

Davis asserts that the court did not require the government to summarize the plea agreement on the record, did not inquire as to whether his plea agreement was the result of prior discussions with the government, and did not announce whether it accepted or rejected the

3

plea agreement. But at the plea hearing, Davis acknowledged that the he had read and discussed the agreement with his attorney, that his signature appeared on the agreement's last page, and that the plea agreement constituted the entire agreement with the government. Moreover, the court explicitly accepted Davis' plea.

We find that these omissions amount to harmless error because Davis' substantial rights were not affected. DeFusco, 949 F.2d at 117. Further, we reject Davis' claim that because of the district court's omissions from the Rule 11 colloquy, his plea was not informed and voluntary. The district court addressed Davis personally and informed him of the essential elements of the charges against him. See Henderson v. Morgan, 426 U.S. 637, 644-47 (1976). The court also discussed with Davis the maximum and mandatory minimum sentences applicable to the charges. See Manley v. United States, 588 F.2d 79, 81-82 (4th Cir. 1978). Finally, Davis' statement at the Rule 11 hearing that he was neither coerced nor threatened constitutes "strong evidence of the voluntariness of his plea." DeFusco, 949 F.2d at 119. Davis' plea, therefore, was informed and voluntary.

II.

Next, Davis contends that his § 924(c) conviction should be overturned because the government failed to establish a sufficient factual basis for the plea in light of Bailey v. United States. While Davis' appeal was pending,[2] the Supreme Court held in Bailey that, to sustain a conviction for the "use" of a firearm during and in relation to a drug trafficking offense, the government must show "active employment" of the firearm. Bailey, 116 S. Ct. at 505. Because Davis did not contest the validity of his guilty plea in the district court, the issue is reviewed for plain error under FED. R. CRIM. P. 52(b). United States v. Olano, 507 U.S. 725, 732-37 (1993).

Even under a plain error standard, it is not possible to determine whether Davis' conviction should stand without further proceedings in the district court. First, it is unclear whether the factual basis for Davis' guilty plea involved using and carrying firearms during the

_____

2 **Bailey** applies to cases pending on direct review. See Griffith v. Kentucky, 479 U.S. 314, 328 (1987).

4

drug offense. The government stated only that Davis "had at his disposal firearms, a 357 caliber revolver and also a nine millimeter pistol[,] that [he] used in the drug business to protect the drug organization." (JA-I at 36). We therefore remand this portion of the appeal to allow the district court to consider whether the § 924(c) conviction should be vacated or should stand in light of Bailey.

III.

Finally, Davis asserts that the district court erred in accepting the presentence report when the report contained no factual representations regarding the amount of drugs. Davis does not contest, however, that one kilogram of crack cocaine was attributable to him nor did he object below. Because Davis did not affirmatively show that the information in the report was unreliable and did not articulate the reasons why its facts were untrue or inaccurate, the district court is "`free to adopt the findings of the [presentence report] without more specific inquiry or explanation.'" United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (quoting United States v. Mueller, 902 F.2d 336, 346 (5th Cir. 1990)). We therefore find this claim meritless.

IV.

Accordingly, we affirm Davis' conspiracy conviction and sentence and remand the § 924 conviction and sentence to the district court for further proceedings as may be appropriate. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; REMANDED IN PART

5