**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4704**

UNITED STATES OF AMERICA,

                  Plaintiff – Appellee,

            v.

EDEOGOCHINEME AGBUGBA,

                  Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:14-cr-00493-RDB-1)

Submitted:  June 3, 2016                    Decided:  June 22, 2016

Before KING, KEENAN, and DIAZ, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Marta K. Kahn, THE LAW OFFICE OF MARTA K. KAHN, LLC, Baltimore, Maryland, for Appellant. Christopher John Romano, Matthew Corey Sullivan, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edeogochineme Agbugba appeals his conviction and 36-month sentence based upon his Fed. R. Crim. P. 11(c) guilty plea to conspiracy to distribute heroin. On appeal, counsel has filed an Anders v. California, 386 U.S. 738 (1967) brief, finding no meritorious issues for appeal but questioning whether Agbugba's plea was valid and whether his sentence was unreasonable. The Government filed a motion to dismiss based upon Agbugba's appeal waiver contained in his plea agreement. In response, Agbugba asserted that his appellate waiver was not voluntary due to his status as a non-native English speaker, his lack of education, and his lack of criminal history. Although informed of his right to do so, Agbugba has not filed a pro se supplemental brief. We dismiss in part and affirm in part.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2012). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). An appeal waiver is valid only if the defendant knowingly and intelligently agreed to the waiver. Id. at 169. To determine whether a waiver is knowing and intelligent, we examine the background, experience, and conduct of the

2

defendant.  United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995); United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992).  Generally, if the district court fully questions a defendant regarding the waiver during the Rule 11 plea colloquy, the waiver is both valid and enforceable.  United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).  Ultimately, however, the issue is "evaluated by reference to the totality of the circumstances."  United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).  "An appeal waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision . . . during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver."  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (internal quotation marks omitted).

In his plea agreement, Agbugba waived his right to appeal both his conviction and sentence.  In response to the court's questions, Agbugba testified at his Fed. R. Crim. P. 11 hearing that he was aware that he was waiving his right to appeal the agreed-upon 36-month sentence.  However, the court did not question Agbugba regarding his waiver of his right to appeal his conviction.

We find that the totality of the circumstances weighs in favor of concluding that Agbugba only knowingly and

3

intelligently waived his right to appeal his sentence. Thus, we determine that the waiver is only valid and enforceable with regard to Agbugba's sentence. As such, we grant the motion to dismiss in part and dismiss Agbugba's challenge to his sentence. However, we deny the motion to dismiss with regard to Agbugba's challenge to his conviction, and we thus examine this issue on the merits.

In the Anders brief, counsel challenges the voluntariness of the plea but does not point to any specific defect in the Rule 11 hearing or any other reason to conclude that the plea itself (as opposed to the waiver) was involuntary. A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). To meet the "intelligent choice" requirement, a defendant must be advised of all the direct and collateral consequences of his plea, Cuthrell v. Director, Patuxent Inst., 475 F.2d 1364, 1365-66 (4th Cir. 1973), including the length of the maximum sentence or any mandatory minimum sentence which may be imposed. Manley v. United States, 588 F.2d 79, 81 (4th Cir. 1978). Statements made at a plea hearing that facially demonstrate a plea's validity are conclusive absent a compelling reason why they should not be, such as ineffective assistance of counsel. Via v.

4

<u>Superintendent, Powhatan Correctional Ctr.</u>, 643 F.2d 167, 171 (4th Cir. 1981).

The Rule 11 colloquy demonstrates that Agbugba's guilty plea was knowingly and voluntarily made. In accordance with <u>Anders</u>, we have reviewed the entire record in this case for unwaived, meritorious issues and have found none. Accordingly, we dismiss Agbugba's appeal of his sentence and affirm his conviction. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>

5